IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| IRH VINTAGE PARK PARTNERS, LP, A GEORGIA LIMITED PARTNERSHIP | § § § § § | CASE NO. 10-37503-H4-11 |
| VPI GENERAL PARTNER, LLC, A DELAWARE LIMITED LIABILITY COMPANY | § § § § § | CASE NO. 10- 37508-H4-11 |
| VINTAGE PARK INVESTMENTS, LLC, A GEORGIA LIMITED LIABILITY COMPANY | § § § § § | CASE NO. 10- 10-37511-H5-11 |
| DEBTORS | § § § | (Chapter 11) Joint Administration Requested |

**AFFIDAVIT OF PROPOSED ATTORNEY**
**AND DISCLOSURE OF COMPENSATION**

THE STATE OF TEXAS    §
                     §
COUNTY OF HARRIS     §

BEFORE ME, the undersigned authority, personally appeared EDWARD L. ROTHBERG, who, being first duly sworn, deposes and says:

1. "I am an attorney at law, duly licensed to practice in the State of Texas and admitted to practice before the United States District Courts for all districts in the State of Texas, the United States Court of Appeals for the Fifth Circuit and the Supreme Court.

2. I am an attorney with the law firm of HOOVER SLOVACEK LLP., a Texas professional corporation ("HSLLP"), which maintains offices at 5847 San Felipe, Suite 2200, Houston, Texas 77057.

3. Neither I, nor HSLLP, represent any interest adverse to the above-referenced debtors ("*Vintage Park*" or the "*Debtors*"), as required by 11 U.S.C. §§ 327(a), 328(a), 329, and 504. Additionally, we are disinterested persons, as defined by 11 U.S.C. § 101(14).

4. Neither I, HSLLP, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with Vintage Park or their creditors, the United States Trustee, persons employed in the United States Trustee's office, or any other potential parties-in-interest herein, or their respective attorneys, except as set forth herein. I do not believe any of these relationships creates an adverse relationship with Vintage Park.

5. Prior to the bankruptcy filing, HSLLP represented Vintage Park and its non-debtor affiliate Investment Realty, LLC, the management company for Debtor IRH Vintage Park Partners LP, in various matters, including providing advice concerning restructuring and pre-bankruptcy planning. HSLLP will continue to represent Investment Realty, LLC in other unrelated matters. However, HSLLP will not represent Investment Realty, LLC in any matter related to any of the Debtors.

6. HSLLP has expended significant resources over the past few months working with Vintage Park to prepare for the possibility that these cases might be filed. In the process, HSLLP has become extremely familiar with Vintage Park's business operations and financial affairs and many of the legal issues that will likely arise in the context of these Chapter 11 cases. Each of the Debtors has identical ownership and the operations are deeply intertwined. The owners of the Debtors are also guarantors on the

Debtors' secured loan with Capmark Bank. HSLLP does not and will not represent the owners in their individual capacity in any matter related to the Debtors.

7. If Vintage Park is forced to retain counsel other than HSLLP, the Debtors' estates would incur additional expenses and delays associated with familiarizing new counsel with the intricacies of Vintage Park's financial affairs and business operations.

8. To the best of my knowledge, information and belief, neither I nor any attorney at HSLLP has a connection with Vintage Park, its creditors, parties-in-interest or affiliates, or attorneys or accountants for any of them, the United States Trustee, or any person employed in the Office of the United States Trustee except as disclosed above and that the attorneys with HSLLP have professional connections through the Moller/Foltz Inns of Court, through which certain attorneys for the United States Trustee, judges, and other practitioners educate themselves on bankruptcy-related issues.

9. Accordingly, neither I, nor HSLLP, represent any interest adverse to the Debtors, their estates, creditors, equity holders, or affiliates in the matters upon which HSLLP is to be engaged, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code.

10. The services rendered or to be rendered by HSLLP, include but are not limited to the following:

    (a) to assist, advise and represent the Debtors relative to the administration of these chapter 11 cases;

    (b) to assist, advise and represent the Debtors in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales or dispositions;

(c) to attend meetings and negotiate with the representatives of the secured creditors;

(d) to assist the Debtors in the preparation, analysis and negotiation of any plan(s) of reorganization and disclosure statement accompanying any plan(s) of reorganization;

(e) to take all necessary action to protect and preserve the interests of the Debtors;

(f) to appear, as appropriate, before this Court, the Appellate Courts, and other Courts in which matters may be heard and to protect the interests of Debtors before said Courts and the United States Trustee; and

(g) to perform all other necessary legal services in these cases.

11. Immediately prior to the bankruptcy filing, the firm of HOOVER SLOVACEK LLP, received a retainer from the Debtors to be applied to fees charged at regular hourly rates, and costs totaling $107,716.76 for representation relating to debt restructuring advice, preparation of bankruptcy schedules and statements, and preparation and confirmation of a Chapter 11 plan.

12. The undersigned further states that HSLLP has not shared, or agreed to share compensation from this engagement with any person or to otherwise violate the fee-splitting prohibition of 11 U.S.C. §504.

Further affiant sayeth not"

_____
EDWARD L. ROTHBERG

SUBSCRIBED AND SWORN TO BEFORE ME, on this ___3___ day of September, 2010.

Samantha K Ray
My Commission Expires
02/05/2013

_____
NOTARY PUBLIC, STATE OF T E X A S