**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| IRH VINTAGE PARK PARTNERS, LP, | § | Case No. 10-37503-H4-11 |
| | § | |
| VPI GENERAL PARTNER, LLC, | § | |
| | § | |
| VINTAGE PARK INVESTMENTS, LLC, | § | Jointly Administered |
| | § | |
| Debtors. | § | Chapter 11 |

**OBJECTION OF SECURED CREDITOR**
**WCHYP II LENDER LLC TO CONFIRMATION OF**
**DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**

WCHYP II Lender LLC ("Wrightwood"), secured creditor of Vintage Park Investments, LLC ("VPI") and VPI General Partner, LLC ("VP GP"), files this Objection ("Objection") to Confirmation of Debtors' Joint Chapter 11 Plan of Reorganization (the "Plan"), and respectfully represents as follows:

**BACKGROUND**

1.      IRH Vintage Park Partners, LP ("IRH"), VP GP, and VPI (each, individually, a "Debtor" and, collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") on September 2, 2010 (the "Petition Date").   The Debtors' cases are jointly administered.

2.      Wrightwood, as successor in interest to Wrightwood Capital Lender LP ("Wrightwood Capital"), is a secured creditor of VPI and VP GP.  Pursuant to a Mezzanine Loan Agreement, VPI executed a $7,615,000.00 Note ("Note"), with VPI as borrower and Wrightwood Capital as lender.   The Note is secured by a Pledge and Security Agreement,

executed by VPI and VP GP, which includes (i) a pledge of VPI's 100% limited partnership interest in IRH; (ii) a pledge of VPI's 100% membership interests in VP GP; and (iii) a pledge of VP GP's 100% general partnership interest in IRH (collectively, the "Pledged Equity Interests").

3.      Wrightwood Capital transferred the Note, along with the respective security interests, to Texas PB Lender LP ("TPBL").  TPBL then transferred the Note, along with the respective security interests, to Wrightwood.

4.      The Note matured July 1, 2010.  As of the Petition Date, VPI owed Wrightwood approximately $2,851,066.69, including interests, fees and expenses.

5.      On November 11, 2010, the Debtors filed their Proposed Joint Disclosure Statement Under 11 U.S.C. § 1125 and Bankruptcy Rule 3016 in Support of Joint Plan of Reorganization of Debtors [Doc. 69] (the "Disclosure Statement") and the Plan [Doc. 68].  On December 2, 2010, the Debtors filed their First Amended Proposed Joint Disclosure Statement Under 11 U.S.C. § 1125 and Bankruptcy Rule 3016 in Support of Joint Plan of Reorganization of Debtors [Doc. 87] (the "Amended Disclosure Statement").  This Court approved the Amended Disclosure statement and authorized Debtors to solicit votes on the Plan by order entered December 3, 2010 [Doc. 91].

6.      On December 22, 2010, the Debtors filed their Modifications to Joint Chapter 11 Plan of Reorganization (the "Modifications").  The Modifications were approved by order of this Court on December 29, 2010 [Doc. 122].

7.      Under the Plan and the Modification, the proposed treatment of Wrightwood's claim is as follows:

> The term of the Wrightwood Note shall be extended until December 31, 2017 and Wrightwood shall receive no payment with respect to the Wrightwood Note until Capmark Bank's Class 2 and Class 4 Claims are paid in full in accordance with the terms of this Plan.  Otherwise, the

Allowed Class 5 Claim shall be paid by the Reorganized VPI in full pursuant to the express terms of the original loan documents.

Plan, Article 4.5.

## ARGUMENTS AND AUTHORITY

### I.   Wrightwood's Claim is Not Receiving "Fair and Equitable" Treatment

8.     Wrightwood's claim is commonly referred to as mezzanine debt.  Wrightwood's claim is against VPI.  Wrightwood does not have a claim against IRH, the owner of the apartment complex.  Wrightwood has liens securing its claim against the Pledged Equity Interests, which include the ownership/partnership interests that VPI owns in IRH and VP GP and VP GP's general partnership interest in IRH.  Wrightwood does not have a lien on the apartment complex.

9.     Wrightwood's claim is impaired under the Plan.  Wrightwood voted to reject the Plan.  Thus, pursuant to Section 1129(b)(1) of the Bankruptcy Code, the Plan may only be confirmed over Wrightwood's objection if the Plan's treatment of Wrightwood's secured claim is "fair and equitable."  The Plan fails to treat Wrightwood's claim in a fair and equitable manner.  Accordingly, confirmation of the Plan must be denied.

10.     Section 1129(b)(2)(A) sets forth the standard for "fair and equitable" treatment of a secured claim.  Under § 1129(b)(2)(A), treatment of a secured claim is "fair and equitable" if the plan provides-

> (i)     (I) that the holder of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and
>
> (II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

(ii) for the sale, subject to section 363(k) of this title, of any property that is subject to the liens securing such claims, free and clear of such liens, with such liens to attach to the proceeds of such sale, and the treatment of such liens on proceeds under clause (i) or (iii) of this subparagraph; or

(iii) for the realization by such holders of the indubitable equivalent of such claims.

11.     The Plan fails to satisfy any of these requirements.  The Plan does not provide for the sale of Wrightwood's collateral so Section 1129(b)(2)(A)(ii) is inapplicable.  Thus, to be "fair and equitable," the Plan must satisfy either subsection (i) or (iii).

A.          **Section 1129(b)(2)(A)(i) is not satisfied.**

12.     Under the Plan, the maturity date on Wrightwood debt will be extended until December 31, 2017 and Wrightwood will not receive any payments until Capmark Bank's Class 2 and Class 4 Claims are paid in accordance with the Plan.  The Pledged Equity Interests will be cancelled and New Partnership Interest will be issued in exchange for an equity infusion from the principals of the Debtors in the amount of $1 million.  "New Partnership Interests" are defined as that newly issued partnership interest, issued after the Effective Date, in the Reorganized IRH and Reorganized VP GP.  After the Effective date, the New Partnership Interests will continue to be owned by the Reorganized VPI and Reorganized VP GP.

13.     In violation of Section 1129(b)(2)(A)(i)(I), the Plan fails to provide for the retention of Wrightwood's liens on the Pledged Equity Interests.  The language of the Plan makes it clear that all property of the Debtors will vest in the Reorganized Debtors free and clear of liens, claims and encumbrances.  *See* Plan, Article 6.1 and 13.3.  This "free and clear" vesting appears to apply to the New Partnership Interests that will be owned by the Reorganized VPI and Reorganized VP GP.  Thus, Section 1129(b)(2)(A)(i) is not met because Wrightwood's liens on the New Partnership Interests are not being retained under the Plan.

**B.**          **Section 1129(b)(2)(A)(iii) is not satisfied.**

14.      Further, under the Plan, Wrightwood will not realize the indubitable equivalent of its claim.  The phrase "indubitable equivalent" is not defined in the Bankruptcy Code.  The Fifth Circuit Court of Appeals has stated that to satisfy the indubitable equivalent prong a plan must explicitly protect repayment to the extent of the secured creditor's collateral value and the time value compensating for the risk and delay of repayment.  *Bank of New York Trust Co., NA v. Official Unsecured Creditors' Comm. (In re Pacific Lumber Co.)*, 584 F.3d 229, 246 (5th Cir. 2009).   Here, because the Plan fails to provide for liens protecting Wrightwood's right to repayment, the Plan fails to meet the indubitable equivalent standard.

**II.**   **Reservation of Rights**

15.      Wrightwood reserves its rights to cross examine the Debtors' representatives regarding Plan feasibility or any improper gerrymandering of classes and raise any other Plan objections at the confirmation hearing.

**CONCLUSION**

WHEREFORE, Wrightwood respectfully requests that this Court enter an order denying confirmation of the Debtors' Plan and granting such other and further relief as is just.

Respectfully submitted this 24th day of January, 2011.

**ANDREWS KURTH LLP**


By: _/s/ Timothy A. Davidson II_____
    Timothy A. Davidson II
    State Bar No. 24012503
    David L. Curry, Jr.
    State Bar No. 24065107
    600 Travis Street, Suite 4200
    Houston, Texas 77002-2910
    Telephone: (713) 220-4200
    Fax: (713) 220-4285

**Attorneys for WCHYP Lender II LLC**

<u>**CERTIFICATE OF SERVICE**</u>

       The undersigned certifies that he caused a true and correct copy of the foregoing pleading to be forwarded by first-class, U.S. mail, postage prepaid and/or by use of the Southern District of Texas electronic ECF system to the parties listed below on the 24th day of January 2011.

        /s/ David L. Curry, Jr.
        David L. Curry, Jr.

**<u>Debtors' Counsel</u>**
Edward L. Rothberg
Hoover Slovacek LLP
5847 San Felipe, Suite 2200
Houston, TX 77057

**<u>Office of the United States Trustee</u>**
Stephen Douglas Statham
Office of US Trustee
515 Rusk, Suite 3516
Houston, TX 77002